# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT BANNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-4009-CV-C-NKL |
| CAMDEN COUNTY, MISSOURI, et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Motion to Dismiss filed by Defendants Camden County, Missouri, Chris Twitchell, Darrell Walden, and Bobby Kyle [Doc. # 7]. Robert Banner ("Banner") filed a Complaint against Defendants and John Does I-V, seeking damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights related to a search warrant that was improperly executed on his property. Banner does not oppose dismissal of his claim against Camden County, Missouri and his claim against Defendants Twitchell, Walden, and Kyle in their official capacities. Accordingly, these claims are dismissed. Remaining is Banner's motion to dismiss the individual defendants in their individual capacities. The individual defendants argue that the case against them should be dismissed because Banner has failed to state a claim under section 1983. They also seek dismissal because Banner has failed to state a claim for punitive damages.

For the reasons stated below, the Court denies these remaining aspects of the individual defendants' motion to dismiss [Doc. # 7].

**I.     Background**

The following facts are taken from Banner's Complaint [Doc. # 1] and are assumed true for purposes of this motion to dismiss. Banner is a seventy-nine year old male whose residence is located at #801 Doc Ridgeway Drive, Macks Creek, Missouri. His residence is marked by a mailbox marked #801, which is directly across the street from his residence.

On April 27, 2009, a search warrant was issued for the residence of David West at # 807 Doc Ridgeway Drive, Macks Creek, Missouri. The search warrant described the premises to be searched as a "light colored mobile home with a gate at the entrance of the driveway." Doc. # 1, ¶11. The search warrant also provided that the residence was "marked with a mail box depicting the number 807, which is directly across the roadway from the entrance from the residence." *Id.* Banner's residence does not have a gate at the entrance of his driveway and the mailbox directly across the roadway from his entrance is marked with # 801.

At midnight on April 30, 2009, Banner was awakened by the Camden County police knocking at his door and shouting, "police, open the door." *Id.* at ¶ 15. Before Banner could open the door, the police entered and forced him down face first onto his couch and placed him in handcuffs while the police searched his house. Banner was then asked his name at which time the police officers stated that they had the wrong house. The only individuals Banner identified by name in his Complaint were Twitchell, Walden, and Kyle. He asserts

that he noticed them in the house when other police officers discovered that they had the wrong house.

Banner does not allege a length of time in which the police officers remained in his house after discovering they had the wrong house. He alleges that a week after the incident Sheriff Franklin came to his house and apologized and told him that the door would be repaired by Camden County. However, to date, Banner alleges that his door has not been repaired.

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

### A. Section 1983 Claim

Banner asserts his section 1983 claim based on a violation of his Fourth Amendment rights. A plaintiff states a claim for a Fourth Amendment violation "by alleging facts which indicate a seizure occurred and that it was unreasonable." *C.N. v. Willmar Pub. Sch.*, 591 F.3d 624, 633 (8th Cir. 2010). Only alleging that a seizure occurred is insufficient to

establish liability under section 1983. *McCoy v. City of Monticello*, 342 F.3d 842, 847 (8th Cir. 2003). The seizure must also be unreasonable, which is determined in light of the totality of the circumstances. *Id.*

On the face of his Complaint, Banner has asserted a warrantless search and seizure occurred at his residence on April 30, 2009. The police entered his property, handcuffed him, and searched his home. Banner asserts that entry onto his property was unreasonable because when the police entered his home in the middle of the night, the face of the warrant described a different residence. *See Rogers v. Hooper*, 271 Fed. Appx. 431 (5th Cir. 2008) (explaining "that because the search was to occur at night, the chance for a mistake was greater and the need for precautions proportionately were increased"). The mailbox across from his residence had a different number and there was no gate. The police entered the wrong location described by the search warrant.

In response, Defendants cite to a number of cases which provide that Courts have allowed "some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants." *Maryland v. Garrison*, 480 U.S. 79, 87 (1987). They argue that it is only a constitutional violation if, after discovering the error, police officers remain in the residence for an unreasonable period of time or they fail to discontinue their search. *Id.* However, none of the cases cited by Defendants involve a motion to dismiss on a section 1983 claim. In *Garrison*, the mistake in executing a search warrant on several apartments was considered with regard to a motion to suppress. *Id.* Other cases cited by Defendants in which search warrants were mistakenly

4

executed on the wrong residence were decided on motions for summary judgment. *See, e.g.*, *Sellers ex. rel. Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994).

Defendants' argument of honest mistake is in the nature of an affirmative defense, which is not properly addressed with a motion to dismiss. *See generally Stanko v. Patton*, 228 Fed. Appx. 623, 626 (8th Cir. 2007); *see also Katz v. United States*, 389 U.S. 347, 357 (1967) ("[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." (footnote omitted)). Although it is unlikely Banner could survive summary judgment based on the facts pled in his Complaint, the burden of pleading and proving a defense is on Defendants, and Banner need not address it in his Complaint. Therefore, the Court denies Defendants' motion to dismiss in this regard.

### B. Punitive Damages Claim

Defendants contend that Banner has failed to state a claim for punitive damages. To properly state a claim for punitive damages a compliant must allege a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Swipies v. Kofka*, 419 F.3d 709, 717-18 (8th Cir. 2005) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).
In his Complaint, Banner alleges that Defendants' conduct in conducting an unreasonable search and seizure showed "deliberate indifference to the issues raised and to the rights of citizens." The court finds that Banner has given Defendants fair notice of his claim based on punitive damages and the grounds upon which it rests. *See Bell Atl.*, 127 S. Ct. at 1964.

5

It is premature at this stage of litigation to evaluate whether Banner's claim for punitive damages is actually provable. Accordingly, the Court denies Defendants' motion to dismiss Banner's punitive damages claim.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss Camden County, Missouri and claims against Defendants Twitchell, Walden, and Kyle in their official capacities [Doc. # 7] is GRANTED.  Defendants' Motion is denied in all other respects.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  March 22, 2010  
Jefferson City, Missouri